William C. Hecht, Jr., J.
Petitioner seeks to review and annul the determination of respondents which terminated petitioner’s services as a correction officer with the Department of Correction.
Petitioner had previously been marked qualified and, after passing all preliminary requirements, appointed from an eligible *204 list to the position of caretaker by the New York City Housing Authority. He thereafter passed a written examination for the position of correction officer and was marked qualified. He was appointed on June 9, 1958, subject to investigation of character and fitness, having resigned his position as caretaker on June 8, 1958.
On November 20, 1958, after appearing before the personnel director, he was advised of his disqualification. He filed an appeal, but before adjudication thereof his services were terminated on December 8, 1958. His appeal was denied by the Civil Service Commission on January 14, 1959.
It appears that during his employment with the Housing Authority he was charged with drunkenness and undue absences.
He now claims that, since respondents were aware- of his record in the Housing Authority, while he was in the- Army, and previous thereto, and had nevertheless appointed him as a correction officer, respondents could not mark him disqualified and discharge him from his position.
Petitioner relies upon Alliano v. Adams (140 N. Y. S. 2d 443) in which this court held that the Police Commissioner was not justified in discharging a probationary patrolman after he had been certified as qualified by the Civil Service Commission and appointed to the Police Department. However, in Alliano (supra) the probationer had performed satisfactorily during his probationary period and as a matter of fact was commended for excellent police work. Moreover, the incident in Alliano’s record which caused his dismissal was explained, at least to the satisfaction of the court.
Here, while petitioner was kept on the job as caretaker, a position which did not call for as high a degree of sobriety and regularity in attendance obviously required of a member of the staff of the Department of Correction, respondents may not be charged with arbitrary action in discharging him from the latter job.
There is no question of the right of respondents to revoke a certification after it has been made, and, under all the circumstances of this cáse, considering the record of the petitioner, there was ample justification for the revocation. The duties of a correction officer and the responsibility which they entail made this crystal clear.
I am not overlooking petitioner’s point with respect to his dismissal before the appeal from the revocation of his certification was heard. While this may not have been the most judicious course for respondents to follow, it is clear that no substantial *205 right of petitioner was jeopardized in view of the fact that, had Ms appeal been sustained, he would have been entitled to reinstatement with back pay.
Consequently, the court will not interfere with the discretionary judgment of the Civil Service Commission, since there has been no showing that its authority was unreasonably exercised. The application is therefore denied and the petition dismissed.